[Cite as *Coles v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-3726.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

                                    :

ANTHONY COLES
        Plaintiff-Appellant         :       C.A. CASE NO. 24289

vs.                                 :       T.C. CASE NO. 2010-CV-03725

                                    :       (Civil Appeal from
OHIO DEPARTMENT OF JOB AND                  Common Pleas Court)
FAMILY SERVICES, ET AL.             :
        Defendants-Appellees
                        . . . . . . . . .

                        O P I N I O N

            Rendered on the 29th day of July, 2011.

                        . . . . . . . . .

Anthony Coles, 334 North Cherrywood Avenue, Dayton, OH 45403
        Plaintiff-Appellant, Pro Se

Michael DeWine, Attorney General, Robin A. Jarvis, Atty. Reg. No.
0069752, Assistant Attorney General, 1600 Carew Tower, 441 Vine
Street, Cincinnati, OH 45202-2809
        Attorneys for Defendant-Appellee Ohio Department of Job and
Family Services

                        . . . . . . . . .

GRADY, P.J.:

        {¶ 1} Petitioner, Anthony Coles, appeals from a final judgment
of the common pleas court entered pursuant to R.C. 4141.282(H),
affirming a decision of the Unemployment Compensation Review
Commission ("the Commission").

{¶ 2} Coles is a former employee of Delphi Corporation where he was employed as a machine operator. At some point, the United States Secretary of Labor certified employment at Delphi Corporation as adversely affected employment under the Trade Act of 1974, as amended, 19 U.S.C. § 2271, et seq. Consequently, former employees of Delphi Corporation are eligible to apply for Trade Adjustment Assistance ("TAA").

{¶ 3} TAA is a federally funded program administered by the states that "is designed to assist individuals who become unemployed as a result of increased imports from, or shifts in production to, foreign countries." O.A.C. 5101:9-6-41. "Congress initiated the TAA program in 1962 'in the belief that the special nature of employment dislocation resulting from changes in trade policies necessitated a level of worker protection' in addition to state unemployment programs." *Former Employees of Tesco Technologies, LLC v. United States Secretary of Labor*, 30 C.I.T. 1754, 1757 (citations omitted).

{¶ 4} Coles applied to the Ohio Department of Job and Family Services ("ODJFS") for TAA. He sought to obtain training at the University of Dayton under TAA for a program known as six sigma green and black certification. Coles' application was denied by a claims specialist for ODJFS on findings that "there is a reasonable expectation of [Coles] securing employment at

equivalent wages in the near future" and Coles "has 4 degrees which is a marketable skill[.]"

{¶ 5} Coles requested a hearing before the Commission. After receiving testimony, the Hearing Officer affirmed ODJFS' denial of Coles' request for TAA training based on the following reasoning:

{¶ 6} "In considering that [Coles] has not applied for any accounting clerk positions, the Hearing Officer is not persuaded that no suitable employment (which may include technical and professional employment) is available for [Coles]. With respect to 20 CFR Section 617.22, the claimant's request for TAA training is denied."

{¶ 7} Coles filed a notice of appeal from the Commission's decision to the common pleas court. R.C. 4141.282(H) governs such appeals, and provides:

{¶ 8} "The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."

{¶ 9} The common pleas court entered its judgment on September 28, 2010 (Dkt. 18). After discussing the applicable law, the court made the following findings and reached its conclusion, stating:

{¶ 10} "In his Brief, Appellant first argues that he did not receive a fair hearing by the Unemployment Compensation Review Commission. However, the record shows that the hearing officer made a reasonable effort to ascertain the relevant facts; advised Appellant of his right with respect to the hearing; explained the proceeding process to Appellant; allowed Appellant to present testimony and argument; and assisted Appellant in examining Ms. Scarberry.[1] Accordingly, upon review of the record and hearing transcript, the court finds that the hearing officer provided Appellant with the opportunity for a fair hearing.

{¶ 11} "Appellant also argues that the decision of the Review Commission was against the manifest weight of the evidence, was unlawful, and was unreasonable. Here, though, the court finds that the record supports the finding that Appellant did have a reasonable expectation of securing employment with his prior educational experiences, including the three degrees he previously earned. In other words, the court agrees with the finding of the Review Commission that Appellant could expect to secure employment with at least one of his three degrees if he applied for positions for which he was qualified, as Appellant already has marketable skills. Moreover, there are available accounting clerk and

---

[1] Ms. Scarberry is the Claims Specialist who denied Coles' application for TAA training.

business manager positions in the Dayton area, to which Appellant could apply, and those positions pay approximately $480.00 per week, which is more than $360.12, or 80% of Appellant's average weekly wage. Thus, the court finds that the record supports the finding of the administrative agency that there is suitable employment available for Appellant. Therefore, having again reviewed the entire record, the court cannot say that the hearing officer's decision was unlawful, unreasonable, or against the manifest weight of the evidence. Therefore, Appellant's Appeal is hereby OVERRULED." (Id., p. 7-8.)

{¶ 12} Coles filed a notice of appeal to this court from the final judgment of the court of common pleas. Coles' appellate brief fails to comply with App.R. 16 in several respects, including the failure to include a statement of the issues and assignments of error presented for review. However, the arguments in his appellate brief appear to mirror the arguments that he made before the common pleas court. In short, he argues that he did not receive a fair hearing before the Commission and that the Commission's decision was against the manifest weight of the evidence.

{¶ 13} The Trade Act of 1974 provides that training shall be approved for an adversely affected worker if:

{¶ 14} "(A) there is no suitable employment (which may include technical and professional employment) available for an adversely

affected worker,[2]

{¶ 15} "(B) the worker would benefit from appropriate training,

{¶ 16} "(C) there is a reasonable expectation of employment following completion of such training,

{¶ 17} "(D) training approved . . . is reasonably available to the worker . . .,

{¶ 18} "(E) the worker is qualified to undertake and complete such training, and

{¶ 19} "(F) such training is suitable for the worker and available at a reasonable cost[.]"[3] 19 U.S.C. § 2296(a)(1).

{¶ 20} Similarly, O.A.C. 5101:9-6-41(B) provides that "[i]n order for a training contract to be executed through the trade program, the following six criteria, as specified in federal law, must be satisfied:

{¶ 21} "(1) Reasonable expectation of employment on completion in the labor market area.

{¶ 22} "(2) Demonstrated ability to support self while in the

---

[2] The Trade Act defines "suitable employment" as "work of a substantially equal or higher skill level than the worker's past adversely affected employment" with "wages for such work at not less than 80 percent of the worker's average weekly wage." 19 U.S.C. § 2296(e).

[3] Twenty C.F.R. § 617.22(a) provides that "[t]raining shall be approved for an adversely affected worker if the State agency determines that: (1) There is no suitable employment * * * available for an adversely affected worker."

training through the completion of the program.

{¶ 23} "(3) Reasonable cost of training is competitive for the program in the area including quickest completion, as duration may influence costs.

{¶ 24} "(4) No suitable work is available for the worker without additional training.

{¶ 25} "(5) Training is appropriate for the worker or there is a reasonable expectation of completion.

{¶ 26} "(6) Training is reasonably accessible from the worker's place of residence."

{¶ 27} Although Congress initiated the TAA program in 1962, by 1974 "it became clear that the program had 'not been very effective,' so Congress revamped TAA to 'ease [the] qualifying criteria and . . . streamline [the] petitioning process. It [was] the intention . . . that workers displaced by increased imports receive all the benefits to which they are entitled in an expeditious manner.'" *Former Employees of Tesco Technologies, LLC v. United States Secretary of Labor*, 30 C.I.T. 1754, 1757 (citations omitted).

{¶ 28} TAA laws "should be construed broadly to effectuate [their] purpose" because they serve a "remedial purpose." Id. at 1758 (citations omitted). Indeed, "[a] primary purpose of the Trade Act of 1974 was to make work adjustment assistance more

readily available . . . ." *International Union v. Marshall* (D.C. Cir. 1978), 584 F.2d 390, 395.

{¶ 29} The Commission's decision denying training assistance was based on its finding that suitable employment was available for Coles, which in turn was based on a finding that Coles' four advanced degrees provided him with a marketable skill. The court of common pleas found the record demonstrates that Coles' associates degree in accounting gives him a marketable skill for which a job market exists.

{¶ 30} At the hearing before the Commission, Coles testified that he possesses three advanced degrees: an Associate's Degree in Accounting, an Associate's Degree in Electronic Data Processing, and a Bachelor's Degree in Management Information Systems. Debra Scarberry, a Claims Specialist with ODJFS, testified that she conducted searches for accounting clerk jobs "and different things in that are of bookkeeping" and management jobs. (Tr. 16.) She testified that the employment outlook in the Dayton area for these types of jobs was "extremely high."

{¶ 31} At the hearing, Coles testified "I have yet worked in accounting." (Tr. 22.) He also testified that he has not applied for any accounting jobs. That fact appears to have driven the findings denying Coles's application for TAA. (Id.) However, no testimony was developed at the hearing regarding why Coles had

not applied for any accounting jobs or whether Coles would be qualified for any available accounting jobs. On appeal to the court of common pleas and to our court, Coles argues that he did not apply for any accounting jobs because he was not qualified for any of these jobs. According to Coles, he received his degree in 1986, has had no or little accounting experience, and has no accounting skills.

{¶ 32} In order to determine whether suitable employment is available to Coles, the hearing officer would need to compare any marketable skills possessed by Coles with the market demand for such skills. The bare fact that Coles possesses three advanced degrees is insufficient to establish that suitable employment is available to him without also comparing Coles' actual skills with the requirements of the job opportunities available in the marketplace. Neither the testimony of Coles or Scarberry provided the hearing officer with sufficient information to make the necessary comparison.

{¶ 33} R.C. 4141.281(C)(2) provides, in part:

{¶ 34} "In conducting hearings, all hearing officers shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs. **Hearing officers have an affirmative**

**duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record."** (Emphasis supplied.)

{¶ 35} The hearing officer's failure to develop an adequate record at the hearing regarding Coles' marketable skills and whether those particular skills were in demand in the job market precludes a finding that suitable employment was available to Coles. We acknowledge that it is not the hearing officer's duty to make the entire case for either party. However, the hearing officer does have an affirmative duty to fully and fairly develop the record. By failing to do so in this case, the hearing officer was left with an insufficient record from which to make a competent finding regarding whether suitable employment is available to Coles, and in the balance weighed the insufficiency against Coles. The affirmative duty that R.C. 4141.281(C)(2) imposes required the hearing officer to do more to develop the record. Therefore, the Commission's decision to deny Coles' request for TAA was against the manifest weight of the evidence because it was not supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, syllabus.

{¶ 36} Coles' assignment of error is sustained. The judgment of the court of common pleas is reversed and the cause will be remanded for further proceedings consistent with this opinion.

DONOVAN, J. concurs.

HALL J., dissenting:

{¶ 37} Because I believe that the appellant had a full and fair hearing before the Hearing Officer of the Unemployment Compensation Review Commission, I would affirm the trial court's affirmance of the Review Commission, which denied him re-training benefits.

{¶ 38} The majority opinion indicates that the Hearing Officer failed to fully and fairly develop the record, particularly with respect to whether suitable employment was otherwise available to the appellant. The appellant has three advanced degrees: an Associate's Degree in Accounting, an Associate's Degree in Electronic Data Processing, and a Bachelor's degree in Management Information Systems. Debra Scarberry, Claims Specialist for the Ohio Department of Job and Family Services, testified that there was suitable work for the appellant. Notably, he did not apply for any positions she described. Consequently, the Hearing Officer and Review Commission concluded that suitable work was available to him.

{¶ 39} I agree with the trial court that "* * * the hearing officer made a reasonable effort to ascertain the relevant facts; advised Appellant of his rights with respect to the hearing;

explained the proceeding process to Appellant; allowed Appellant to present testimony and argument; and assisted Appellant in examining Ms. Scarberry." Decision, Order and Entry, filed September 28, 2010, at p. 7. It was the appellant's burden to demonstrate that he was denied a fair hearing. I believe this record was suitable for the Review Commission's decision and the trial court's determination that the Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶ 40} Undoubtedly, R.C. 4141.281(C)(2) requires that "Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record." But, this provision should not be construed to make the hearing officer an advocate for either party. Indeed the Ohio Administrative Code reflects on the need for an impartial adjudication. It provides: "The review commission and hearing officers shall conduct hearings and other proceedings in a case in such order and manner and shall take any steps consistent with the *impartial discharge of their duties* which appear reasonable and necessary to ascertain all relevant facts and to render a fair and complete decision on all issues which appear to be presented." OAC § 4146-7-02(A) (emphasis added). Moreover, "[u]nder Ohio case law, even when one or both parties appear *pro se*, a hearing officer

has no duty to present or establish either party's case. See *Fasolo v. Ohio Bur. of Emp. Serv.* (Jan. 21, 1988), Cuyahoga App. No. 52839, unreported, 1988 WL 5174. Having chosen to pursue its case without counsel, appellee should not expect, and the law does not provide, that the hearing officer must act as either party's advocate. Id."

*Fredon Corp. v. Zelenak* (1997), 124 Ohio App.3d 103, 111; see, also, *Heller v. Ohio Dept. of Jobs & Family Servs.*, Cuyahoga App. No. 92965, 2010-Ohio-517, ¶31 (recognizing that the hearing officer has no duty to present the claimant's case or act as an advocate for either party).

{¶ 41} I believe the majority's conclusion fundamentally changes the impartial and non-adversarial nature of the hearing officer's duties and I therefore dissent.

.  .  .  .  .  .  .  .  .

Copies mailed to:

Anthony Coles
Michael DeWine, Esq.
Robin A. Jarvis, Esq.
Hon. Mary Katherine Huffman